# In the United States Court of Federal Claims

No. 20-1655 C

(Filed: June 29, 2021)

(NOT FOR PUBLICATION)

* * * * * * * * * * * * * * * * * *
\* \
**STANLEY E. KORNAFEL,** \*
\*
Plaintiff, \*
\*
v. \*
\*
**THE UNITED STATES,** \*
\*
Defendant. \*
\*
* * * * * * * * * * * * * * * * * *

*Stanley E. Kornafel*, *pro se*, of Prospect Park, PA.

*Geoffrey Martin Long*, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Stanley E. Kornafel, filed a complaint in this Court, on November 16, 2020, alleging, *inter alia*, a breach of contract that accrued no later than December 1995. As is explained below, this Court lacks subject matter jurisdiction over Plaintiff's complaint. Accordingly, the government's motion to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") is granted.

## BACKGROUND

According to Plaintiff, on March 11, 1992, a U.S. Postal Service ("USPS") vehicle collided with and damaged Plaintiff's vehicle. Compl. at 1. Plaintiff alleges that at the scene of the accident, a USPS employee orally agreed to pay Plaintiff $1,000 for the damages sustained. *Id.* at 2. Plaintiff claims the USPS subsequently breached this oral agreement. *Id.* at 3. On February 25, 1994, with the assistance of counsel, Plaintiff initiated litigation against the government in the U.S. District Court for the Eastern District of Pennsylvania for damages stemming from the automobile collision. *Id.* at Ex. B-12. The parties appear to have reached a settlement agreement on July 14, 1995. *Id.* at Ex. B-15. However, the Plaintiff alleges the settlement was "forced" on him "against his will" and that he "has never received any

compensation nor relief from defendant . . . ." *Id*. at 7, 9. He further alleges that on December 3, 1995, his attorney notified him via letter that he had not signed his July settlement agreement. *Id*. at 9, Ex. B-16. According to Plaintiff, his attorney's letter evidences a conspiracy between the USPS and the district court to prevent Plaintiff from meaningfully litigating his automobile collision lawsuit. *Id.* at 9 ("Lawyer's letter evidences the trappings conspiracy and oppression by the USPS to enforce its fraud, bad faith actions and collusion with the court . . . .").

Plaintiff informs the Court that he has entered a "volume of filings" in federal district court over the past two decades involving this automobile accident—all of which have been dismissed. *Id*. at 8. The Plaintiff purports that these dismissals are the product of an ongoing, systemic, 25-year conspiracy between the federal courts, the government, and others aimed at denying him from collecting damages from the alleged automobile collision. *Id*.; Pl.'s Resp. at 6. The government filed a motion to dismiss the complaint for lack of subject matter jurisdiction under RCFC 12(b)(1), arguing that all of the events that are alleged to have caused Plaintiff damages occurred no later than December 1995 and, therefore, are time barred under the Tucker Act's six-year statute of limitations. Gov.'s Mot. to Dismiss at 1-3. In addition, the government notes this Court lacks subject matter jurisdiction to review district court decisions related to the automobile accident. *Id*. at 4-5.

### A. LEGAL STANDARD

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003). In addition, once a plaintiff identifies a money-mandating source, the claim asserted by the plaintiff pursuant to that source must also have been brought within the applicable statute of limitations to be within the Court's jurisdiction. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008) (holding that the statute of limitations set forth in 28 U.S.C. § 2501 is jurisdictional).

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence."

*Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

B. ANALYSIS

This Court lacks subject matter jurisdiction to adjudicate any of the claims alleged by Plaintiff. Plaintiff's allegation that the USPS breached its promise to pay him for damaging Plaintiff's automobile might potentially state a claim for breach of contract, but all of the alleged events surrounding that cause of action occurred no later than December 1995. Statutorily, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The Federal Circuit directs this Court that "for the purposes of section 2501 . . . a cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988) (emphasis in original). Plaintiff alleges the USPS vehicle collision and supposed promises to pay him for damages occurred in 1992. Compl. at 1. He further alleges that all events related to litigation and settlement of his claims ended sometime in December 1995. Compl. at 9, Ex. B-16. Even if this Court generously used 1996 as an accrual date for Plaintiff's breach of contract claim, Plaintiff's complaint was filed on November 16, 2020, well beyond the six-year statute of limitations.

Plaintiff mistakenly believes that the district court's dismissals of his "volume of" complaints related to the automobile collision evidences the government's "continuous use of fraud" thereby keeping his claim within the six-year statute of limitations filing window. Pl.'s Resp. to Mot. to Dismiss at 6; *see also Kornafel v. United States*, No. 20-CV-4503, 2020 WL 5602480, at *1 (E.D. Pa. Sept. 18, 2020) (describing Plaintiff's litigation history with the USPS in the Eastern District of Pennsylvania).[1] Plaintiff's argument that he has a continuing claim that relates to the 1992 accident is incorrect. The continuing claim doctrine applies to circumstances in which a claim is "inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). However, "a claim based on a single distinct event, which may have continued ill effects later on, is not a continuing claim." *Id.* In other words, the doctrine does not apply to the twenty-five years' worth of dismissals of Plaintiff's single cause of action based on a single automobile accident.

---

[1] A recent opinion from the Eastern District of Pennsylvania notes how frequently Plaintiff has litigated the same claims stemming from the 1992 automobile collision: "Although Kornafel's Complaint is rambling and consists mainly of statutory and constitutional citations, as well as conclusory and nonsensical statements, the gist of his claim again appears to arise out of an automobile accident with a postal vehicle in 1992 and subsequent litigation." *Kornafel v. United States*, No. 20-CV-4503, 2020 WL 5602480, at *1 (E.D. Pa. Sept. 18, 2020). The district court further opined that Plaintiff's filing was "plainly abusive of the judicial process" and asked Plaintiff to show cause why a pre-filing injunction should not be imposed going forward: "Having warned Kornafel that another instance of maliciously filing the same case would result in the imposition of a pre-filing injunction, the attached Order of dismissal also requires Kornafel to show cause why an injunction should not be imposed." *Id.* at *3.

Moreover, it is well-established that this Court has no jurisdiction to reexamine decisions rendered by other federal courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) ("[T]he Court of Federal Claims 'does not have jurisdiction to review the decision[s] of district courts' and 'cannot entertain . . . claim[s] that require[] the court to scrutinize the actions of another tribunal.'") (quoting *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Accordingly, to the extent Plaintiff is asking this Court to review a series of unfavorable district court rulings against him, this Court is without such jurisdiction.

The remainder of Plaintiff's complaint is also outside this Court's jurisdiction. This Court does not have subject matter jurisdiction over Plaintiff's various alleged violations of the U.S. Constitution. Plaintiff claims violations of his rights under the Thirteenth Amendment and the due process clause of the Fourteenth Amendment; however, these provisions do not mandate the payment of money and, therefore, are not within this Court's subject matter jurisdiction. *See, e.g.*, *Maxberry v. United States*, 722 F. App'x. 997, 1000 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating."). It is clear that this Court lacks jurisdiction to adjudicate claims arising from the Thirteenth Amendment. *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007) ("This court, however, cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation.") (citing cases). Likewise, this Court lacks jurisdiction over claims arising from the due process clause of the Fourteenth Amendment, as it too is not money-mandating and applies to the states, not to the federal government. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (noting that the due process clause of the Fourteenth Amendment is not a sufficient basis for jurisdiction because it does not mandate the payment of money by the government). Nor does this Court have subject matter jurisdiction over Plaintiff's complaint blanketly citing the First Amendment. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money."). Finally, to the extent Plaintiff alleges a tort against the government, any such claim must be brought in district court as this Court lacks subject matter jurisdiction to adjudicate tort claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort.").

## CONCLUSION

For the forgoing reasons, the government's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction**.**  The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
